UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BANC OF AMERICA LEASING & CAPITAL, LLC <br><br> Plaintiff, <br><br> VERSUS <br><br> BREAKWATER ADVANCED MANUFACTURING, LLC; BRYAN BENOIT; GREG DAVID; AND MARK LEACH <br><br> Defendants. | CIVIL ACTION <br><br> NO. <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

**VERIFIED COMPLAINT**

The Complaint of Banc of America Leasing & Capital, LLC ("Plaintiff") respectfully states:

THE PARTIES

1. Plaintiff is a single member limited liability company. Plaintiff's sole member is Bank of America, N.A., a national banking association having its main office in North Carolina. Thus, Plaintiff is considered a citizen of North Carolina for purposes of diversity jurisdiction. Plaintiff is registered and authorized to do business in Louisiana.

2. Defendant Breakwater Advanced Manufacturing, LLC ("Breakwater"), is an Arizona limited liability company. Breakwater's principal place of business is 1106 Garber Road, Broussard, Louisiana 70518. The members of Breakwater are Bryan Benoit, Greg David, and Mark Leach. Benoit is a citizen of Louisiana, and David and Leach are citizens of Texas.

Breakwater is therefore considered to be a citizen of Louisiana and Texas for purposes of diversity jurisdiction.

3. Defendant Bryan Benoit is a citizen of Louisiana who resides in this district.

4. Defendant Greg David is a citizen of Texas.

5. Defendant Mark Leach is a citizen of Texas.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a substantial part of the property that is the subject of the action is situated in this district.

## BREAKWATER'S PURCHASE OF MAZAK EQUIPMENT BEARING SERIAL NUMBER 255423

8. On or about July 16, 2014, Breakwater purchased a Mazak QTN-350 MY2KY bearing serial number 255423 (the "QTN-350 MY2KY").

9. To facilitate its purchase of the QTN-350 MY2KY, Breakwater executed a Master Security Agreement dated July 16, 2014 (the "7/16/14 MSA"). A true and correct copy of the 7/16/14 MSA is attached as **Exhibit 1**. Breakwater executed the 7/16/14 MSA through Mr. Leach as its authorized member.

10. Mr. Leach was properly authorized to execute the 7/16/14 MSA on behalf of Breakwater. A true and correct copy of a certificate dated July 24, 2014 evidencing Mr. Leach's authority to execute the 7/16/14 MSA and related documents is attached as **Exhibit 2**.

11. In the 7/16/14 MSA, Breakwater promised to pay to Mazak Corporation ("Original Lender") a down payment of $26,448.95 and 60 monthly installment payments of $4,458.51. Exhibit 1, page 7.

12. In the 7/16/14 MSA, Defendant granted to Original Lender a lien and security interest in the QTN-350 MY2KY including all substitutions, additions, attachments, replacements, accessions and the proceeds of all the foregoing.  Exhibit 1, pages 1, 7.

13. Original Lender's security interest in the QTN-350 MY2KY is properly perfected. A certified copy of a UCC Financing Statement filed with the Caddo Parish Clerk of Court as Instrument Number 09-1243513 is attached as **Exhibit 3**.

14. BALC is assignee of all rights of the Original Lender under the 7/16/14 MSA.  A true and correct copy of a Notice of Assignment is attached as **Exhibit 4**. A UCC Financing Statement Amendment reflecting the assignment of the security interest in the QTN-350 MY2KY was filed with the Caddo Parish Clerk of Court as Instrument Number 09-1247381 and is attached as **Exhibit 5**.

15. The 7/16/14 MSA provides that an Event of Default occurs when, among other things, Breakwater fails to pay any of the monthly installment payments that are required by the agreement. Exhibit 1, page 8.

16. The 7/16/15 MSA further provides that if an Event of Default occurs, the lender may declare all the debt immediately due and payable in full, among other remedies.

17. As further consideration for the extension of credit from Original Lender, Breakwater executed an Additional Collateral Agreement dated July 23, 2014. A true and correct copy of the Additional Collateral Agreement is attached hereto as **Exhibit 6**.

1217137v1

18. In the Additional Collateral Agreement, Breakwater granted Original Lender a security interest in a 2012 Mazak M5 bearing serial number 236867 (the "Mazak M5").

19. BALC's security interest in the Mazak M5 is properly perfected. A certified copy of a UCC Financing Statement filed with the Lafayette Parish Clerk of Court as Instrument Number 28-496999 is attached as **Exhibit 7**.

BREAKWATER'S PURCHASE OF MAZAK EQUIPMENT<br>SERIAL NUMBER 258358

20. On or about November 25, 2014, Breakwater purchased additional equipment, specifically a Mazak Slant Turn Nexus 550 bearing serial number 258358 (the "Slant Turn Nexus 550").

21. To facilitate the purchase of the Slant Turn Nexus 550, Breakwater executed, among other documents, a Master Security Agreement dated November 25, 2014 ("the 11/25/14 MSA"). The 11/25/14 MSA was executed by Breakwater through Mark Leach. A true and correct copy of the 11/25/14 MSA is attached as **Exhibit 8**.

22. Mr. Leach was properly authorized to execute the 11/25/14 MSA on behalf of the Defendant. A true and correct copy of a certificate dated December 2, 2014 evidencing Mr. Leach's authority to execute the 11/25/14 MSA is attached as **Exhibit 9**.

23. In the 11/25/14 MSA, Breakwater promised to pay to Original Lender a down payment of $75,115.39 and 60 monthly installment payments of $7,974.31.  Exhibit 9, page 7.

24. In the 11/25/14 MSA, Defendant also granted to Original Lender a lien and security interest in the Slant Turn Nexus 550 including all substitutions, additions, attachments, replacements, accessions and the proceeds of all the foregoing.   Exhibit 9, pages 1, 7.

25. Original Lender's security interest in the Slant Turn Nexus 550 was properly perfected. A certified copy of a UCC Financing Statement filed with the Caddo Parish Clerk of Court as Instrument Number 09-1254182 is attached as **Exhibit 10**.

26. The 11/25/14 MSA provides that an Event of Default occurs when, among other things, Breakwater fails to pay any of its monthly installment payments as required by the agreement. Exhibit 10, page 3.

27. The 11/25/14 MSA further provides that if an Event of Default occurs, the lender may declare all the debt immediately due and payable in full, among other remedies.

28. BALC is assignee of all rights of the Original Lender under the Security Agreement and related loan documents and acts as loan servicer. A true and correct copy of the Assignment is attached as **Exhibit 11**. A UCC Financing Statement Amendment reflecting the assignment was filed with the Caddo Parish Clerk of Court as Instrument Number 09-1257660 and is attached as **Exhibit 12**.

## THE INDIVIDUAL GUARANTIES

29. Benoit, David, and Leach each executed an Individual Guaranty dated July 16, 2014 (the "7/16/14 Guaranty"). A true and correct copy of the 7/16/14 Guaranty is attached as **Exhibit 13**.

30. Per Paragraph 1 of the 7/16/14 Guaranty, Benoit, David, and Leach promised to guaranty the obligations of Breakwater, as follows:

> For valuable consideration, the receipt of which is hereby acknowledged, the undersigned jointly, severally and unconditionally guarantee to MAZAK CORPORATION ("Lender") the full and prompt performance by the Buyer / Debtor identified above [Breakwater Advanced Manufacturing, LLC] (hereinafter called "Buyer"), of all obligations which Buyer now has or may hereafter have to Lender including, but not limited to, obligations under conditional sales or security contracts and contract schedules executed in connection with anticipated conditional sales contracts such as all present and future Contract schedules under

the Master Security Agreement and the Equipment Cost identified above; and unconditionally guarantee the prompt payment when due (whether at scheduled maturity, upon acceleration or otherwise) of any and all sums, indebtedness and liabilities of whatsoever nature, due or to become due, direct or indirect, absolute or contingent, now or hereafter at any time owed or contracted by Buyer to Lender, and all losses, costs and expenses of or incidental to Buyer's default or collection of any of the foregoing, including reasonable attorneys' fees (all of the foregoing hereinafter called "Obligations").

31. Benoit, David, and Leach also each executed an Individual Guaranty dated November 25, 2014 (the "11/25/14 Guaranty").  A true and correct copy of the 11/25/14 Guaranty is attached as **Exhibit 14**.

32. Paragraph 1 of the 11/25/14 Guaranty contains identical language to the text quoted above at Paragraph 30 of this Complaint.

33. Thus, Benoit, David, and Leach guaranteed Breakwater's obligations under the 7/16/14 MSA and the 11/25/14 MSA.

34. Benoit, David, and Leach further reaffirmed their guaranties through the execution of Revision Agreements on June 6, 2016.  True and correct copies of the Revision Agreements are attached as **Exhibit 15** and **Exhibit 16**, respectively.  The Revision Agreements further modified the payment terms of the 7/16/14 MSA and the 11/25/14 MSA by providing a three-month deferral period, during which Breakwater agreed to pay interest payments, and extending the contract terms from 60 to 63 months.

## BREAKWATER'S DEFAULT

35. An Event of Default has occurred and is continuing under the 7/16/14 MSA and the 11/25/14 MSA.  Breakwater did not pay the monthly installments that were due in September 2016, and has not made any payments since.

36. BALC notified Defendants that an Event of Default has occurred as is continuing. *See* **Exhibit 17** (Letter to Defendants dated October 28, 2016).

37. BALC has exercised its right to declare the entirety of Defendants' debt obligations to be immediately due and payable. *See* **Exhibit 18** (Letter to Defendants dated November 21, 2016).

38. Accordingly, the Court should enter judgment against Defendants for the full amount of the outstanding obligation. As of January 11, 2017, the outstanding amount owed exceeds $541,000, excluding attorney fees and litigation expenses. Late charges, interest, and other charges continue to accrue.

39. The Court should further award BALC its reasonable attorney fees and litigation expenses.

40. BALC further requests that the Court's judgment recognize BALC's security interests in the QTN-350 MY2KY, the 2012 Mazak M5, and the Slant Turn Nexus 550.

REQUEST FOR SEQUESTRATION AND APPOINTMENT OF A KEEPER

41. BALC further requests that the Court authorize the issuance of a writ of sequestration, to provide for the immediate seizure of the QTN-350 MY2KY, the 2012 Mazak M5, and the Slant Turn Nexus 550, to be held and preserved during until the resolution of this action.

42. BALC further requests that in accordance with Louisiana's keeper statute, La. R.S. 9:5136 *et seq.*, the Court appoint a keeper to maintain the sequestered equipment and respectfully suggests that the Court appoint ReSell CNC, LLC as keeper in due course.

PRAYER FOR RELIEF

**WHEREFORE**, BALC prays, after due proceedings be had, that the Court enter judgment against Defendants, jointly and solidarily, for all amounts respectively owed under the 7/16/14 MSA, the 11/25/14 MSA, the 7/16/14 Guaranty, and the 11/25/14 Guaranty, including

all costs and expenses of enforcement and reasonable attorney's fees; that the Court's judgment recognize BALC's security interests in the QTN-350 MY2KY, the 2012 Mazak M5, and the Slant Turn Nexus 550; that the Court authorize the issuance of a writ of sequestration, to provide for the immediate seizure of the equipment, and appoint ReSell CNC, LC as keeper; that, in due course, the Court authorize the judicial sale of the equipment to satisfy the amounts owed to Plaintiff; and any additional relief that the Court may deem appropriate.

    Respectfully submitted,

    *s/ J. Dalton Courson*
    J. Dalton Courson, 28542
    dcourson@stonepigman.com
    STONE PIGMAN WALTHER WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana  70130
    Telephone:  (504) 581-3200
    Fax: (504) 596-0812
    *Attorney for Plaintiff*

**Please prepare summons for the following:**

Breakwater Advanced Manufacturing, LLC
through its agent for service of process
Bryan Benoit
203 Phelps Road
Youngsville, Louisiana  70592

Bryan Benoit
203 Phelps Road
Youngsville, Louisiana  70592

Greg David
15311 Stampede Pass Drive
Houston, Texas 77095

Mark Leach
13702 Greenwood Manor Drive
Cypress, Texas 77429